UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL CASE NO. 23-93-DLB-EBA

SARAH CORDLE, by and through her Next
Friend, DOROTHY CORDLE                                                                    PLAINTIFF

v.                           **MEMORANDUM OPINION AND ORDER**

ENOVIS CORPORATION, et al.                                                              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon five Motions: (1) Plaintiff Sarah Cordle's Motion to File Second Amended Complaint (the "Motion for Leave") (Doc. # 35); (2) Plaintiff's Motion to Alter or Amend (the "Motion to Alter") (Doc. # 37); (3) Defendant Enovis Corporation f/k/a Colfax Corporation ("Enovis")'s Motion to Dismiss Amended Complaint (the "Enovis MTD")[1] (Doc. # 51); (4) Defendant DJO, LLC's Motion to Dismiss Amended Complaint (the "DJO MTD") (Doc. # 54); and (5) Enovis' and DJO, LLC's Rule 41 Motion to Dismiss (the "Rule 41 MTD") (Doc. # 57).  The Motions are fully briefed and ripe for review.

For the reasons set forth herein, the Motion for Leave and the Motion to Alter are each **denied**, the Enovis MTD and the DJO MTD are each **granted**, and the Rule 41 MTD is **denied as moot**.

---

[1]     Enovis submits that on or about April 4, 2022, Colfax Corporation changed its name to "Enovis Corporation," and therefore "no entity called 'Colfax Corporation' that has any relationship with Enovis or its affiliates now exists."  (Doc. # 51 at 1 n.1).  Based on this submission—and in the absence of any objection from Plaintiff—the Court shall refer to Enovis Corporation and Colfax Corporation with the singular "Enovis."

1

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

The Court will not restate in detail the relevant facts, as they were broadly set forth in the Memorandum Opinion and Order entered in this action on May 21, 2024. (*See* Doc. # 27). Summarized, this action arises from injuries Plaintiff sustained while wearing a "Donjoy" brand protective knee brace that Defendants allegedly "designed, manufactured, assembled, distributed, and provided to . . . Plaintiff[.]" (Doc. # 21 ¶¶ 3-5). According to Plaintiff, the brace was "unreasonably dangerous," . . . "defective[,] and failed to provide . . . promised and intended protection, which failure was the direct and proximate cause of the injuries [that she] suffered . . . ." (*Id.* ¶¶ 6-7).

Plaintiff initiated this action in Kentucky state court, but it was later removed to this Court by DJO Global, Inc. ("DJO Global"). (*See* Doc. # 1). After Plaintiff moved for and was granted leave to file her Amended Complaint (Docs. # 12 and 20), DJO Global moved to dismiss the Amended Complaint against it for lack of personal jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. (Doc. # 23). After a full round of briefing (Docs. # 25 and 26), this Court issued its Memorandum Opinion and Order granting in part and denying in part DJO Global's Motion. (Doc. # 27). Specifically, this Court rejected DJO Global's personal jurisdiction argument but found one of DJO Global's failure to state a claim arguments to be meritorious, and therefore dismissed the Amended Complaint against DJO Global. (*Id.*).

In a separate Order issued contemporaneously with its Memorandum Opinion, this Court noted that none of the remaining Defendants appeared to have been served and ordered Plaintiff to effectuate service on the remaining Defendants within thirty (30) days. (Doc. # 28). This Court further advised Plaintiff that in the absence of good cause shown,

2

her failure to serve the remaining Defendants in this 30-day period would likely result in dismissal of the Amended Complaint without prejudice.  (*Id.*).  Additionally, this Court ordered that if Plaintiff was unable to effectuate service within 30 days, she shall file a status report indicating why service could not have been effectuated within this period.  (*Id.*).

Since then, the parties have filed several motions and other documents.  On June 18, 2024, Plaintiff filed the Motion for Leave wherein she requests leave to file a Second Amended Complaint and the Motion to Alter wherein she requests that the Court amend its prior "judgment" dismissing DJO Global from this case. (Docs. # 35 and 37).  Plaintiff also tendered to the Court a copy of her proposed Second Amended Complaint.  (Doc. # 36).  On June 20, 2024, Plaintiff submitted a Status Report through which she stated that "[a]ll Defendants have now been served[.]"  (Doc. # 43).  On July 9, 2024, Enovis and DJO, LLC filed Motions to Dismiss, asserting that Plaintiff's Amended Complaint should be dismissed for insufficient service of process, failure to state a claim upon which relief can be granted, and Plaintiff's alleged failure to comply with this Court's prior service Order.  (Docs. # 51, 54, and 57).  Enovis separately asserts that the Amended Complaint should be dismissed against it for lack of personal jurisdiction.  (Doc. # 51).  All the pending Motions (as well as Plaintiff's Status Report) have been fully briefed (Docs. # 35, 37, 43, 52, 55, 57-59, 61-66, and 68-70), and are thus ripe for review.

## II.     DISCUSSION

For organizational purposes, the Court will address the Motion for Leave and the Motion to Alter before addressing the Motions to Dismiss.  The Court addresses each of the Motions in turn.

3

### A. Motion for Leave

In the Motion for Leave, Plaintiff requests leave to file her Second Amended Complaint. (Doc. # 35). In support, Plaintiff cites Rule 15 of the Federal Rules of Civil Procedure (*see* Doc. # 35) which states, in pertinent part, that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff has also tendered to the Court a copy of her proposed Second Amended Complaint. (Doc. # 36).

In their Response, Defendants[2] principally argue that the Motion for Leave should be denied because Plaintiff's requested amendment is futile. (Doc. # 59). They specifically argue that the proposed Second Amended Complaint would not survive a motion to dismiss. (*Id.* at 4-8). Defendants also argue that Plaintiff's failure to provide adequate grounds for relief, undue delay in seeking leave to amend, and failure to cure deficiencies in previous amendments counsels against granting the Motion for Leave. (*Id.* at 8-10). Plaintiff broadly contests these claims in her Reply. (Doc. # 62).

The Motion for Leave is governed by Rule 15(a)(2) of the Federal Rules of Civil Procedure which, as noted above, provides that "[t]he court should freely give leave [to amend] when justice so requires." But as the Sixth Circuit has noted, "the right to amend is not absolute or automatic[,]" and district courts have "discretion in determining whether to permit an amendment[.]" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal citations omitted). And "courts need not give leave to amend when doing so would be futile," such as where "a proposed amendment would not survive a

---

[2] Although the Court has dismissed DJO Global, Inc. from this case, "[i]t responds . . . as a named defendant in the proposed Second Amended Complaint." (Doc. # 59 at 1 n.1).

4

motion to dismiss." *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (internal citations omitted). Leave to amend is also properly denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party by virtue of allowance of the amendment[.]" *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018).

As an initial matter, the Court notes that Plaintiff offers "virtually no supporting argument" in favor of her requested relief. *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 307 (6th Cir. 2004). Plaintiff's memorandum in support of her Motion for Leave, which consists of three (3) sentences, states in full as follows:

> The Plaintiff seeks to file a second amended complaint to more fully set forth the manner as to how the brace in question was defective.
>
> Plaintiff asserts that the pleading should be permitted pursuant to [Rule 15] which requires that leave to amend should be freely granted when justice so requires. Considering the status of these proceedings, no party will be prejudiced by the Second Amended Complaint.

(Doc. # 35 at 1). Here, Plaintiff "did not attempt to articulate the theories supporting leave to amend in any fashion," provided "one sentence referring to Rule 15," and "did not address the issues of delay [or] futility." *See Inge*, 388 F.3d at 307. In similar circumstances, the Sixth Circuit has held that leave to amend "could have been denied on this ground alone." *Id.*

Regardless, the Court need not decide the issue, as the Motion for Leave is denied for reasons unrelated to Plaintiff's failure to adequately state why it should be granted. The Court first addresses Defendants' futility argument. Although Plaintiff never directly states as much, the Court understands her claims to be based on alleged products

5

liability.[3]  "In Kentucky, product liability actions are governed by the Kentucky Product Liability Act ('KPLA')." *Vaughn v. Konecranes, Inc.*, No. 5:14-cv-00136-DCR, 2015 WL 1719672, at *2 (E.D. Ky. Apr. 15, 2015) (citing Ky. Rev. Stat. §§ 411.300-350).  Indeed, the KPLA "applies to all damage claims arising from the use of products, regardless of the legal theory advanced," and "regardless of whether the action is founded on strict liability in tort, negligence or breach of warranty."  *Monsanto Co. v. Reed*, 950 S.W.2d 811, 814 (Ky. 1997).  As this Court has recently explained:

> Liability may result from defective design, for manufacturing defects, and for failure to warn.  Additionally, there are multiple causes of action a plaintiff may assert against a manufacturer in a products liability case, including (i) negligence, (ii) strict liability, [and] (iii) breach of warranty.  But no matter what cause of action the plaintiff asserts, he must show that the defective product caused his injury.  Causation is established using the substantial factor test, meaning the plaintiff must prove that the defendant's conduct was a substantial factor in bringing about plaintiff's harm.

*Elkins v. Extreme Products Group, LLC*, No. 5:21-cv-00050-DCR, 2022 WL 409694, at *2 (E.D. Ky. Feb. 9, 2022) (internal citations and quotation marks omitted).

Defendants proffer two arguments that the proposed Second Amended Complaint would not survive a Rule 12(b)(6) challenge.  (Doc. # 59 at 4-10).  First, Defendants argue that Plaintiff was required to and has failed to allege how the brace was defective.  (*Id.* at 4-6).  Second, Defendants argue that Plaintiff has failed to show that her injuries were caused by Defendants' actions.  (*Id.* at 6-8).  Because Defendants' second proffered Rule 12(b)(6) argument for dismissal is meritorious, the Court need not address the first argument.

---

[3]  In their Response, Defendants expressly characterize Plaintiff's claims as being based on alleged products liability.  (*See* Doc. # 59 at 6).  Plaintiff does not contest or otherwise challenge this characterization of her claims in her Reply.  (*See* Doc. # 62).

As this Court has noted:

> Regardless of the theory a plaintiff pursues, he must show causation in a products liability case. Causation exists as a threshold requirement of any products-liability claim, and it requires plaintiffs to assert that the defendant's product is responsible for the injury. To prove causation in Kentucky, the plaintiff has the burden . . . to establish causation under the substantial factor test—that is, plaintiff must prove that defendant's conduct was a substantial factor in bringing about a plaintiff's harm. The causation analysis is the same under a negligence theory in a products liability case as . . . under a strict liability theory.
>
> Where, as here, the case sits at the pleading stage, the plaintiff need not prove his claims, but must make specific factual allegations that, if true, state a plausible claim for relief. Pleading requirements apply to products liability cases in federal court.

*Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 773-74 (E.D. Ky. 2017) (internal citations and quotation marks omitted).

In *Red Hed Oil*, this Court found that "[w]here a complaint names multiple defendants where only one could be responsible it 'allows the court to infer only a mere possibility' that a particular defendant caused the harm." *Id.* at 775 (quoting *Patterson v. Novartis Pharms. Corp.*, 451 F. App'x 495, 497 (6th Cir. 2011)). This Court further noted that where a plaintiff cannot plead allegations at to which defendant caused the alleged harms, "the Court may dismiss the complaint for failure to state a claim." *Red Hed Oil*, 292 F. Supp. 3d at 775.

In her proposed Second Amended Complaint, Plaintiff alleges that the brace at issue "was designed, manufactured, assembled, distributed, and provided to . . . [her] by . . . Defendants Enovis Corporation, Colfax Corporation, DJO Global, Inc., and DJO, LLC[.]" (Doc. # 36 ¶ 5). But according to Defendants, "only one Defendant could have manufactured the subject knee brace" or "could have provided the subject knee brace to Plaintiff's personal physician[,]" yet Plaintiff "makes no attempt to identify *which* Defendant

7

did so in this case[.]" (Doc. # 59 at 7) (emphasis in original).

In her Reply, Plaintiff attempts to distinguish this case from *Red Hed Oil*. (Doc. # 62 at 4-5). By way of background, the dispute in *Red Hed Oil* arose out of a fire that erupted at the plaintiffs' convenience store. 292 F. Supp. 3d at 769-71. The plaintiffs alleged that the fire started when certain e-cigarettes stored at the premises "were defective and sparked the fire," and sued various manufactures whose e-cigarettes were found at the convenience store. *Id.* at 770. In granting the manufacturing defendants' motions to dismiss, the Court noted that:

> Unless every Defendant manufacturer sold defective e-cigarettes that combusted at precisely the same time—an allegation Plaintiffs never make—they cannot all be liable. Only one e-cigarette could have caused the fire. Plaintiffs do not tell us who; they simply sue a range of Defendants they suspect *could be* responsible. Indeed, nothing in the Complaint states that any particular defendant had defective products that caused the fire. Given that only one defective e-cigarette (and thus only one manufacturer) could be responsible for igniting the fire, every manufacturing Defendant cannot be liable.

*Id.* at 774. In her Reply, Plaintiff argues that in *Red Hed Oil*, the plaintiff "sued basically every manufacturer of electronic cigarettes known to deal with a particular distributor, whereas in this case all of the sued Defendants have a connection to the one brace." (Doc. # 62 at 4-5) (emphasis omitted). Plaintiff further alleges that Defendants are affiliates of one another—a fact which is apparently "obvious from their public filings"— and "denies that only one defendant could have provided the subject knee brace to Plaintiff's personal physician." (*Id.* at 5). Indeed, Plaintiff claims that Defendants "are basically one organization working in concert, like different fingers of the same hand." (*Id.* at 4).

8

Plaintiff's attempt to distinguish this case from *Red Hed Oil* is unavailing. As an initial matter, Plaintiff does not include any of the above allegations in her proposed Second Amended Complaint. Thus, they cannot be considered by the Court in addressing any Rule 12(b)(6) challenge. *See Schwamberger v. Marion Cnty. Bd. of Elections*, 988 F.3d 851, 856 (6th Cir. 2021) ("Although we read the complaint generously, we do not presume facts not alleged therein."). And although the factual circumstances of this case are not identical to those at issue in *Red Hed Oil*, this standing alone does not justify granting the Motion for Leave.

In her proposed Second Amended Complaint, Plaintiff refers to the Defendants as a group and claims that they each "designed, manufactured, assembled, and provided [the brace] to . . . Plaintiff[.]" (Doc. # 35 ¶ 5). Plaintiff also alleges that the collective Defendants provided the brace to Plaintiff's physician and "negligently failed to assure that the brace . . . was in proper working order . . . ." (*Id.* ¶¶ 9, 12). But Plaintiff provides no information whatsoever about what any particular defendant did or did not do.[4] It is a basic pleading requirement that a plaintiff attribute factual allegations to particular defendants. *See Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007) (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Thus, even construing Plaintiff's proposed Second Amended Complaint in a light most favorable to her, "it fails to allege anything more than a possibility that" each of the Defendants caused Plaintiff's injuries. *See Patterson*, 454 F. App'x at 498.

---

[4] Plaintiff previously alleged that it was DJO Global that provided the brace at issue to Plaintiff's physician and billed Plaintiff after the brace was placed on her knee. (*See* Doc. # 27 at 12). However, Plaintiff did not include these allegations in her proposed Second Amended Complaint nor in any of her prior pleadings which she incorporates by reference. (*See* Doc. # 1-1 at 7-11; Docs. # 21 and 36).

For the above reasons, the Court concludes that Plaintiff's failure to include factual allegations against each Defendant regarding causation is fatal to her proposed Second Amended Complaint and renders her Motion for Leave futile. The Motion for Leave (Doc. # 35) is accordingly **denied**.[5]

B.   **Motion to Alter**

In the Motion to Alter, Plaintiff moves for an order altering this Court's prior "judgment" dismissing DJO Global from this case. (Doc. # 37). In support, Plaintiff notes that she has tendered her proposed Second Amended Complaint to the Court which supposedly remedies the deficiencies that justified DJO Global's dismissal. (*See id.*). But as discussed above, the Court has denied Plaintiff leave to file her Second Amended Complaint. In the apparent absence of any other reason to grant it, Plaintiff's Motion to Alter (Doc. # 37) is **denied**.

C.   **Motions to Dismiss**

In their various Motions to Dismiss, Enovis and DJO, LLC move to dismiss Plaintiff's Amended Complaint against them.[6] In the Enovis MTD, Enovis moves for dismissal for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. (Doc. # 51). In the DJO MTD, DJO, LLC moves for dismissal for insufficient service of process and failure to state a claim upon which relief can be granted. (Doc. # 54). And in the Rule 41 MTD, Enovis and DJO, LLC jointly move for dismissal for Plaintiff's alleged failure to comply with the Court's prior

---

[5]   Having denied the Motion for Leave as futile, the Court need not address Defendants' other arguments for its denial.

[6]   As the Court has denied Plaintiff leave to file her Second Amended Complaint, Plaintiff's Amended Complaint (Doc. # 21) is her operative pleading.

service Order. (Doc. # 57). For convenience purposes, the Court addresses the Motions to Dismiss together.

### 1. *Plaintiff Fails to Overcome Enovis' Personal Jurisdiction Challenge*

The Court first addresses Enovis' personal jurisdiction challenge, as personal jurisdiction is a threshold issue. *Bird v. Parsons*, 289 F.3d 865, 872-73 (6th Cir. 2002). The Court will not restate in detail the relevant legal standard, as it was fully set forth in the Memorandum Opinion and Order entered in this action on May 21, 2024. (*See* Doc. # 27 at 4-6, 8-17). In sum, analysis of personal jurisdiction under Kentucky law—which applies to this case—is a "two-step process." *Newberry v. Silverman*, 789 F.3d 636, 641 (6th Cir. 2015) (citing *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 57 (Ky. 2011)). "First, a court must look to see if the cause of action arises from the type of conduct or activity that is enumerated in the [Kentucky long-arm] statute itself." *Id.* If there is jurisdiction under the long-arm statute, "then the court must assess whether 'exercising personal jurisdiction over the non-resident defendant offends his federal due process rights.'" *Id.*

Here, Enovis argues that its "conduct does not fit within the categories enumerated in Kentucky's long-arm statute." (Doc. # 52 at 7). Enovis also submits that it is a holding company that "did not even place the subject knee brace into the stream of commerce." (*Id.*). Additionally, Enovis submits that it "never designed, manufactured, packaged, distributed, re-distributed, transported, advertised, marketed, promoted, provided, or sold knee braces in Kentucky or otherwise utilized any distributors, advertisers, or retailers in Kentucky to do so." (*Id.*). In support, Enovis submits an affidavit from Darcy White, a corporate paralegal for Enovis. (Doc. # 52-1). In her affidavit, Ms. White reiterates that

11

Enovis "is a holding company that does not make or sell any products" and has "never distributed, advertised, or sold any knee brace directly or indirectly to consumers in Kentucky." (*Id.* ¶¶ 10-11). Regarding federal due process concerns, Enovis argues that the same factual circumstances outlined above demonstrate that this Court has neither general nor specific personal jurisdiction over it. (Doc. # 52 at 8-13).

In her Response, Plaintiff barely addresses Enovis' personal jurisdiction challenge. Instead, Plaintiff merely notes that Enovis was registered to do business in Kentucky until it withdrew its registration on October 9, 2023, and that this "should remove any doubt . . . that . . . [Enovis was] doing business in Kentucky at the time of . . . Plaintiff's injuries." (Doc. # 64 at 2-3). This is insufficient. Plaintiff does not address the Kentucky long-arm statute nor federal due process concerns. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) (quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regul. Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)). Moreover, the fact that Enovis was once registered to do business in Kentucky and appointed a registered agent in Kentucky "does not make a prima facie case showing of jurisdiction as it neither invokes any of the enumerated activities from the Kentucky long-arm statute nor proves that the claim arose from [Enovis'] actions." *Stuart v. Lowe's Home Ctrs., LLC*, No. 4:17-cv-00077-JMH, 2017 WL 4875281, at *2 (W.D. Ky. Oct. 27, 2017); *see also Lubbers v. John R. Jurgenson Co.*, No. 2:20-cv-115-DLB-CJS, 2021 WL 4066663, at *5 (E.D. Ky. Sept. 7, 2021). Plaintiff has accordingly failed to overcome Enovis' personal jurisdiction challenge, and the Enovis

MTD (Doc. # 51) is therefore **granted**.

### 2. Plaintiff's Amended Complaint Fails to State a Claim Against Enovis and DJO, LLC

The Enovis MTD and the DJO MTD are also granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As discussed above, the Court denied Plaintiff leave to file her Second Amended Complaint, and her Amended Complaint is therefore her operative pleading. As the Court already determined in its prior Memorandum Opinion and Order dismissing DJO Global, Inc. from this case:

> [T]he Amended Complaint fails "to identify a specific defect or how the defect injured [Plaintiff]." *Elkins*, 2022 WL 409694, at *3. To be clear, Plaintiff does allege that the brace "broke, slipped, bent[,] and malfunctioned," . . . was unreasonably dangerous[,] . . . was defective in design, assembly, manner of manufacturing, and distribution[, and] . . . was negligently designed, manufactured, assembled[,] and distributed[.]" (Doc. # 21 ¶¶ 4, 6, and 8). Moreover, Plaintiff alleges that she was using the brace as it was "represented to be properly used[ ] when [it] malfunctioned, . . . bent, and slipped[.]" (*Id.* ¶ 8). But Plaintiff never alleges *how* the brace was defective. *See Red Hed Oil*, 292 F. Supp. 3d at 778. In similar circumstances, this Court has dismissed complaints for failure to state a claim upon which relief can be granted. *See id.*; *see also Elkins, 2022 WL 409694*, at *1-4.

(Doc. # 27 at 18). The Court sees no reason to depart from the above determination under the circumstances. Moreover, the Amended Complaint is identical to the proposed Second Amended Complaint regarding allegations of causation, which the Court already determined to be insufficient.

Accordingly, the Court concludes that Plaintiff has failed to state a claim against Enovis and DJO, LLC, and the Enovis MTD (Doc. # 51) and DJO MTD (Doc. # 54) are each **granted**. Having determined that the Enovis MTD and DJO MTD are each granted under Rule 12(b)(6), the Court need not address Defendants' service of process arguments. And having already dismissed Plaintiff's Amended Complaint against Enovis

and DJO, LLC, the Court need not separately address the Rule 41 MTD. Instead, the Rule 41 MTD (Doc. # 57) is **denied as moot**. Because the claims against all Defendants have been resolved, the Court will issue a Judgment contemporaneously herewith.

### III.    CONCLUSION

Thus, for the reasons set forth herein, **IT IS ORDERED** that:

(1)    Plaintiff Sarah Cordle's Motion to File Second Amended Complaint (Doc. # 35) is **DENIED**;

(2)    Plaintiff Sarah Cordle's Motion to Alter or Amend (Doc. # 37) is **DENIED**;

(3)    Defendant Enovis Corporation f/k/a Colfax Corporation's Motion to Dismiss Amended Complaint (Doc. # 51) is **GRANTED**;

(4)    Defendant DJO, LLC's Motion to Dismiss Amended Complaint (Doc. # 54) is **GRANTED**.

(5)    Plaintiff Sara Cordle's Amended Complaint (Doc. # 21) is **DISMISSED** against Defendants Enovis Corporation f/k/a Colfax Corporation and DJO, LLC;

(6)    Defendants Enovis Corporation f/k/a Colfax Corporation's and DJO, LLC's Rule 41 Motion to Dismiss (Doc. # 57) is **DENIED AS MOOT**;

(7)    This matter is **STRICKEN** from the Court's active docket; and

(8)    A Judgment in favor of Defendants will be entered contemporaneously herewith.

This 20th day of September, 2024.



Signed By:
David L. Bunning
United States District Judge